UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KIM DROLET,

                                Plaintiff,

                -vs-                                          14-CV-406-JTC

PHILLIPS REINHARD & ASSOCIATES, LLC,

                                Defendant.

---

## INTRODUCTION

On May 29, 2014, plaintiff Kim Drolet filed a complaint against Phillips Reinhard & Associates, LLC, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Defendant failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on August 8, 2014. Item 8. Presently before the court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Item 10. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1.    Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of

damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.     Liability**

The facts alleged in the complaint are relatively straightforward. At all times relative to the claims asserted, defendant was alleged to be acting in the capacity of a business entity engaged in the business of debt collection, within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector"). Plaintiff alleges that in December 2013, and again in March 2014, defendant contacted plaintiff attempting to collect a consumer debt and threatening the consequences of legal action, and also contacted an individual at plaintiff's place of employment with respect to the alleged debt, in violation of a number of the provisions of the FDCPA.[1] *See* Item 1, ¶¶ 12-30. Accordingly, for the purposes of this

---

[1] Specifically, plaintiff alleges that defendant's debt collection activity violated sections 1692b(2) (prohibiting communications with persons other than the consumer stating that the consumer owes a debt); 1692c(a)(3) (prohibiting communication with the consumer at the consumer's place of employment

motion, plaintiff has sufficiently alleged facts to establish defendant's liability under the FDCPA.

**3.    Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA.  The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint indicated above.  However, considering the relative

---

without the consumer's consent); 1692c(b) (prohibiting communication with third parties in connection with collection of a debt without the consumer's consent); 1692d (prohibiting a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt); 1692e (prohibiting the use of false, deceptive, or misleading representation or means in connection with the collection of a debt); 1692e(2)(A) (prohibiting a debt collector from misrepresenting the character, amount, or legal status of an alleged debt); 1692e(3) (prohibiting false representation or implication that the debt collection communication is from an attorney); 1692e(4) (prohibiting representation or implication that nonpayment of a debt will result in arrest); 1692e(5) (prohibiting a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken); 1692e(11) (prohibiting a debt collector from failing to disclose "mini-Miranda" warning); and 1692g (requiring proper written notice within five days of the initial communication). *See* Item 1, ¶¶ 26-61.

infrequency of pleaded instances of noncompliance (approximately four telephone calls in a four-month time period), the limited number of individuals adversely affected, and the absence of any further information regarding the debt collector's resources or intent, the court finds that these violations of the FDCPA do not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages. The court therefore awards plaintiff a total of $500.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC, 2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

4.  **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,

522 F.3d 182, 190 (2d Cir. 2008).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's counsel has submitted a declaration and billing statement documenting a total of 8.5 hours of work on the case for which compensation is sought, including a combined 8.3 hours by four attorneys at various hourly rates ranging from $175/hr. to $250/hr., and 0.2 hours by a paralegal at the hourly rate of $90/hr.  *See* Items 10, 10-1.  The court finds the number of attorney hours expended on the case to be reasonable, and the requested hourly rates to be in accordance with the prevailing market rates in this district for FDCPA cases.  *See, e.g., Ortez v. First Asset Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Accordingly, the court awards attorneys' fees as follows:

```
2.9 hrs. @ $250.00  =      $ 725.00
2.1 hrs. @ $225.00  =        472.50
```

```
3.3 hrs. @ $175.00  =        577.50
0.2 hrs. @ $90.00   =         18.00
Total               =      $1793.00
```

The court also grants plaintiff's request for an award of $400.00 for the filing fee as a recoverable cost.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (Item 11) is GRANTED.  Plaintiff is awarded $500.00 for defendant's violations of the FDCPA, $1793.00 in attorney's fees, and $400.00 in costs, for a total award of $2693.00.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   February 17, 2016